Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 CR 216 - 3 | **DATE** | 7/29/2004 |
| **CASE TITLE** | United States of America vs. Amad Bajo | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Defendant Bajo's motion to dismiss indictment (58) is denied.  Enter memorandum and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 0 2 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 67 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SLB | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
AUG 0 2 2004

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 04 CR 216 |
| v. ) | |
| ) | George W. Lindberg |
| WALID TITO, JAMILAH SADEDDIN, ) | Senior United States District Judge |
| AMAD BAJO, and DARRYL MOORE ) | |

## MEMORANDUM AND ORDER

On February 26, 2004, a single-count indictment was filed against Walid Tito, Jamilah Sadeddin, Amad Bajo, and Darryl Moore (collectively, "Defendants"). The indictment charges Defendants with mail fraud in violation of 18 U.S.C. §§ 1341 and 1342. Defendant Bajo has filed a motion to dismiss the indictment. For the following reasons, Defendant Bajo's motion is denied.

*Analysis*

"[T]he sufficiency of an indictment is to be reviewed practically, with a view to the indictment in its entirety, rather than in any 'hypertechnical manner.'" *United States v. Fassnacht*, 332 F.3d 440, 445 (7th Cir. 2003) (citation omitted). The Court also notes that "[f]acial sufficiency is not a high hurdle. Indictments need not exhaustively describe the facts surrounding a crime's commission nor provide lengthy explanations of the elements of the offense." *United States v. Bates*, 96 F.3d 964, 970 (7th Cir. 1996). Accordingly, the instant indictment will be "tested solely by its sufficiency to charge an offense, regardless of the strength or weakness of the [G]overnment's case." *United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988) (citation omitted).

A facially sufficient indictment satisfies three requirements:

> it must state each of the elements of the crime charged; it must provide adequate notice of the nature of the charges so that the

67

> accused may prepare a defense; and it must allow the defendant to raise the judgment as a bar to future prosecutions for the same offense.

*Fassnacht*, 332 F.3d at 444-45 (citations omitted); *see also Bates*, 96 F.3d at 970 (same). These requirements do not mean that the Government must "provide 'every factual nugget necessary for conviction.'" *Fassnacht*, 332 F.3d at 445 ("[T]he indictment need only 'provide some means of pinning down the specific conduct at issue.'") (citations omitted). Nor should they be read to mean that the Government must "spell out each element." *United States v. Smith*, 223 F.3d 554, 571, 572 (7th Cir. 2000) ("'[I]n determining whether an essential element of the crime has been omitted from the indictment, courts will not insist that any particular word or phrase be used.'") (citations omitted). Instead, the Government must merely ensure that "each element [is] present in context." *See id.* at 571 (citation omitted).

With these principles in mind, the Court completed its review and analysis of the indictment.[1] There are three elements to the offense of mail fraud: "'(1) the defendant's participation in a scheme to defraud; (2) defendant's commission of the act with intent to defraud; and (3) use of the mails in furtherance of the fraudulent scheme.'" *Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298-99 (7th Cir. 2003) (citations omitted); *see also United States v. Tadros*, 310 F.3d 999, 1006 (7th Cir. 2002) (same). Here, Defendant Bajo has attacked the indictment by arguing that it "does not allege facts which would satisfy the last prong. . ., namely using the mails in furtherance of th[e] scheme."

---

[1] It is worth noting that "[t]he aim of the mail. . .fraud statutes is to punish the scheme to defraud rather than the end result." *United States v. Sanders*, 893 F.2d 133, 138 (7th Cir. 1990) (citations omitted); *see also United States v. Cosentino*, 869 F.2d 301, 308 (7th Cir. 1989) ("[I]t is not necessary that a participant in a fraudulent scheme actually profit from that scheme before he or she can be convicted for participating.").

"[A] mailing will be considered in furtherance of the scheme if it is 'incidental to an essential part of the scheme. . . .In other words, the success of the scheme must in some measure depend on the mailing.'" *United States v. Fernandez*, 282 F.3d 500, 508 (7th Cir. 2002) (citation omitted); *see also United States v. Koen*, 982 F.2d 1101, 1107 (7th Cir. 1992) ("Th[e] 'in furtherance' requirement is to be broadly read and applied.") (citation omitted). The indictment in this case charges that on or about January 13, 2000 Defendants "knowingly caused to be placed in an authorized depository for mail" a letter requesting accident claim payments for Defendants. It further charges that the letter was mailed for the purpose of executing "a scheme to defraud and. . .obtain money and property from [Penske Truck Leasing Corporation]." After reviewing the indictment in its entirety, the Court concludes that the January 13, 2000 mailing was an essential part of the alleged scheme to defraud and, therefore, in furtherance of the same.

This conclusion is not wholly disputed. Indeed, Defendant Bajo does not suggest (1) that the claim releases mailed on January 13, 2000 did not relate back to the automobile accident allegedly staged by Defendants on December 2, 1997 or (2) that Defendants could have received the payments they are alleged to have requested through the January 13, 2000 mailing without "causing" Attorney A to forward the releases. Nor does he argue that the January 13, 2000 mailing was not in furtherance of *an* alleged scheme to defraud. Instead, Defendant Bajo contends that the January 13, 2000 mailing was not in furtherance of the particular scheme to defraud for which he is charged.

In his brief, Defendant Bajo proposes:

[T]he [G]overnment alleges that another scheme was initiated by two of [Defendant Bajo's] co-defendants whereby they retained another lawyer to file a lawsuit on their behalf solely. This second scheme resulted in a letter being sent on January 13, 2000, by the other lawyer to the insurance company containing releases executed by [Defendant

3

> Bajo's] co-defendants. In further directs that payment on behalf of [Defendant Bajo's] co-defendants should be made to the new lawyer. . . .It is not alleged that [Defendant] Bajo caused this mailing to be sent in furtherance of the original scheme to defraud the insurance company. Moreover, it is not alleged that [Defendant] Bajo was involved at all with the second scheme of retaining a new attorney.

Essentially, Defendant Bajo is arguing that the January 13, 2000 mailing was in furtherance of an alleged scheme to defraud in which Defendant Bajo was not a participant. Based on that argument, Defendant Bajo concludes that the indictment must be dismissed because it does not allege that he was a participant in any alleged scheme to defraud in which the mails were used in furtherance of the same. The Court does not agree.

It is well-established that "[a defendant] need not have mailed the items himself to fall within the scope of the mail fraud statute. . . .The government need only show that the defendant acted with knowledge that the use of the. . .mail could be reasonably foreseen or would follow in the ordinary course of business." *Tadros*, 310 F.3d at 1007 n.4 (citations omitted); *see also United States v. Swan*, 250 F.3d 495, 500 (7th Cir. 2001) ("[The defendant] did not have to mail the check himself to be guilty of mail fraud. He only needed to cause it to be mailed or to commit some act that would cause the mailing of the check to be reasonably foreseeable.") (citation omitted). Additionally, a defendant in a mail fraud case "is liable for the acts of his co-conspirator even if the indictment did not charge conspiracy."[2] *United States v. Macey*, 8 F.3d 462, 468 (7th Cir. 1993).

---

[2] *See also United States v. Craig*, 573 F.2d 455, 483 (7th Cir. 1977) ("[E]ach member of a mail fraud scheme is responsible for the use of the mails caused by other members in the execution of the scheme.") (citation omitted); *United States v. Wilson*, 506 F.2d 1252, 1257 (7th Cir. 1974) ("In a prosecution for mail fraud, once agreement to a scheme has been adequately established, any party to the agreement is responsible for the acts and declarations of another party in furtherance of the common scheme, whether or not he knew of or agreed to any specific mailing.") (citation omitted).

Here, Defendant Bajo and his co-defendants allegedly used a Penske moving van to stage a December 2, 1997 automobile accident and submitted fraudulent accident claims to Penske for injuries and damages. As explained above, the January 13, 2000 mailing was in furtherance of that alleged scheme and the allegedly fraudulent claims arising out of the same. Furthermore, the Court finds that the mailing of claim releases by Defendant Bajo's co-defendants was reasonably foreseeable in light of the purpose for which the alleged scheme to defraud was designed.[3] *See United States v. Adeniji*, 221 F.3d 1020, 1026 (7th Cir. 2000) ("The joint agreement that is essential to a defendant's liability for the crime of conspiracy is not a prerequisite to a conviction for mail fraud. . . .[The defendant] need not even have been aware of [his co-defendant's] identity or his specific acts in furtherance of the fraudulent scheme, so long as the evidence adequately establishes [the defendant's] own knowing participation in the same scheme.") (citations omitted). Therefore, the allegations concerning actions taken by his co-defendants will be applied against and directed to Defendant Bajo when evaluating the facial sufficiency of the indictment. *See Macey*, 8 F.3d at 468; *United States v. Craig*, 573 F.2d 455, 483 (7th Cir. 1977); *United States v. Wilson*, 506 F.2d 1252, 1257 (7th Cir. 1974). Because the indictment includes allegations against Defendant Bajo that clearly state the third element of the offense of mail fraud, it is plainly sufficient with respect to that element and additional analysis is neither necessary nor warranted. *See Risk*, 843 F.2d at 1061.

Defendant Bajo also argues that "[t]he indictment must be dismissed because it was

---

[3]*See also United States v. Hickok*, 77 F.3d 992, 1004 (7th Cir. 1996) ("'[W]here one does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, *even though not actually intended*, then he 'causes' the mails to be used' for purposes of the mail fraud statute.") (citation omitted); *Craig*, 573 F.2d at 483 ("But a schemer causes the use of the mails when he has knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, although not actually intended.") (citation omitted).

not brought within the...statute of limitations period." In support, Defendant Bajo claims that "[t]he acts that are attributed to [him]...in furtherance of th[e charged] scheme took place in late 1997 and early 1998." He, therefore, concludes that the Government is seeking to "attach the January 13, 2000 mailing to [him] in an attempt to charge him with participating in the original scheme, when the statute of limitations for any criminal conduct [the Government] allege[s] he has participated in has expired."

The Court agrees with Defendant Bajo that "[t]he federal mail fraud statute has a five-year statute of limitations that 'begins to run from the date of mailing of the fraudulent information.'" *United States v. Rumsavich*, 313 F.3d 407, 413 n.2 (7th Cir. 2002) (citation omitted); *see also Tadros*, 310 F.3d at 1006 (same). However, crucial to any analysis of that statute is the fact that "[e]ach mailing constitutes a separate offense." *Tadros*, 310 F.3d at 1006 (citation omitted). Since the indictment is facially sufficient with respect to the third element of the offense of mail fraud, linking the January 13, 2000 mailing to the scheme to defraud charged against Defendant Bajo, the January 13, 2000 mailing must be considered when analyzing the statute of limitations as it applies to Defendant Bajo. *See supra*, at 2-6. The January 13, 2000 mailing took place within five years of the date that the indictment was filed, February 26, 2004. Therefore, the indictment was properly filed within the statutory period and will not be dismissed.

**ORDERED:** Defendant Bajo's Motion to Dismiss Indictment [58] is denied.

DATED: JUL 29 2004      ENTER:

HON. GEORGE W. LINDBERG
United States District Judge

6